IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Case No. 20-cv-3687-WJM-KLM

STEPHEN GORSHOW,

    Plaintiff,

v.

EQHEALTH SOLUTIONS,
GLEN J. GOLEMI,
RON RITCHEY,
HEATHER WICKER,
CHRISTINE GATLIN,
KATHERINE DENNEY,
KATRINA FEYINTOLA,
JOHN DOE, and
JANE DOE,

    Defendants.

## ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants Katherine Denney and Katrina Feyintola's (jointly, "State Defendants") Motion to Dismiss ("Motion"). (ECF No. 35.) For the following reasons, the Motion is granted.

### I. BACKGROUND[1]

This action arises out Gorshow's employment with eQHealth Solutions ("EQHS"), "a health care quality improvement, utilization management and health information technology organization." (ECF No. 28 ¶ 4.) EQHS contracts with the Colorado

---

[1] The following facts are taken from Plaintiff Stephen Gorshow's Amended Complaint (ECF No. 28) and are assumed true for the purpose of resolving the Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Department of Health Care Policy and Financing ("HCPF"), which administers Colorado's Medicaid program, to perform utilization reviews for Medicaid beneficiaries. (*Id.* ¶¶ 9, 23.) As a physician and Senior Medical Director at EQHS, Gorshow performed certain Medicaid utilization review services, which involved testifying on behalf of HCPF at Medicaid appeal hearings. (*Id.* ¶¶ 3, 22–23.)

On December 6, 2018, HCPF officials directed Gorshow to testify in a hearing that a certain medical device, a Continuous Glucose Monitor, was not medically necessary for adults. (*Id.* ¶ 31 n.3.) Gorshow refused to testify accordingly, as he claims this assertion was untrue. (*Id.*)

In July 2019, Defendant Wicker, a director at EQHS, alerted Gorshow that HCPF officials had complained about his declining work performance over the preceding months. (*Id.* ¶ 39.) On September 27, 2019, Defendant Ritchey, the Chief Medical Officer of EQHS, notified Gorshow that due to HCPF officials' complaints about his performance, EQHS would remove Gorshow from all activities involving HCPF. (*Id.* ¶ 50.)

Additionally, Gorshow alleges that he suffers from a hearing-related disability which caused his listening skills to decline and impaired his ability to communicate via telephone during the relevant time. (*Id.* ¶¶ 16–19.)

Gorshow initiated this action in Colorado state court on November 13, 2020. (ECF No. 1-2.) Defendants removed the action on December 17, 2020. (ECF No. 1.) Gorshow filed his Amended Complaint on January 15, 2021, which is the operative complaint. (ECF No. 28.) He brings a total of six claims: (1) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*

2

against EQHS; (2) interference with contractual relations in violation of Colorado state law against State Defendants; (3) wrongful termination in violation of Colorado public policy against EQHS, Ritchey, Wicker, Christine Gatlin, and Glen Golemi (collectively, "EQHS Defendants"); (4) promissory estoppel against EQHS; (5) conspiracy[2] against all Defendants; and (6) deprivation of procedural due process violation of the Fourteenth Amendment to the U.S. Constitution against State Defendants.  (*Id.*)

State Defendants filed their Motion on January 29, 2021.  (ECF No. 35.)  Gorshow responded on February 19, 2021, and State Defendants replied on March 5, 2021.  (ECF Nos. 43 & 46.)

## II. LEGAL STANDARD

### A.     Rule 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Id.*

---

[2] Although the Complaint does not specify the underlying tort, it appears that the claim is for conspiracy to interfere with contractual relations.  (ECF No. 28 ¶¶ 102–11.)

**B.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

**A.     Claim Six: Procedural Due Process**

State Defendants contend that Gorshow cannot state a procedural due process claim because he does not plausibly allege a constitutional violation by State Defendants. (ECF No. 35 at 3–7.) Specifically, they argue that Gorshow has not alleged that they acted under color of state law, nor that he possessed a protected property interest entitling him to due process. (*Id.*) State Defendants further assert that they are entitled to qualified immunity. (*Id.* at 7–8.)

A court evaluates claims for procedural due process under a two-part inquiry, considering: (1) whether the plaintiff had a protected interest that implicates due process protections, and (2) whether the plaintiff received appropriate due process. *See Riggins v. Goodman*, 572 F.3d 1101, 1108 (10th Cir. 2009). Additionally, where a plaintiff brings a due process claim pursuant to 42 U.S.C. § 1983, the plaintiff must also allege that the constitutional violation "was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

Gorshow asserts that State Defendants caused EQHS to alter his employment conditions in retaliation for his refusal to testify falsely at hearings. (ECF No. 28 ¶¶ 115–16; ECF No. 43 at 7–9.) Specifically, he alleges that they complained of his "productivity, forgetfulness and inability to use" business systems to EQHS. (ECF No. 28 ¶ 44.) He alleges that such complaints caused EQHS to ultimately remove him from HCPF interactions. (*Id.* ¶¶ 49, 61–66.)

Gorshow appears to assert that he was entitled to due process in the form of a hearing before the alteration of his job duties. (ECF No. 43 at 8 ("Plaintiff has demonstrated the right to some kind of prior hearing is paramount.").) Gorshow also suggests that State Defendants were required to voice their concerns to him and to "provide him with policy and due process rights" rather than first contacting EQHS. (ECF No. 28 ¶ 43.)

Under Colorado law, "either an employer or an employee can terminate an at-will employment relationship without incurring legal liability for this termination." *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999). Gorshow does not allege that he had an employment contract either with EQHS or BCTS. (*See generally* ECF No. 28.)

Thus, even assuming that State Defendants caused any adverse employment action by EQHS, Gorshow has not alleged a property interest in continued employment.[3]  *See Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996) (holding that an at-will employee failed to establish a protected property interest in continued employment). Such failure precludes a finding of a constitutional violation.  *See Riggins*, 572 F.3d at 1108.

As Gorshow has not alleged a constitutional violation, Claim Six is dismissed. Further, because Gorshow cannot allege a property interest in his continued employment so as to implicate due process protections, the Court finds that amendment would be futile, and the dismissal is therefore with prejudice.[4]

**B.     Claims Two & Five: State Law Claims[5]**

State Defendants first contend that the Court should decline to exercise supplemental jurisdiction over the state tort law claims assuming that Claim Six is dismissed.  (ECF No. 35 at 8–9.)  They note that where "federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'"  (*Id.*; *see also Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997).)

---

[3] Gorshow's purportedly contrary authority involves public entity employers or contractual employment relationships; neither factual scenario exists here.  *See Bell v. Burson*, 402 U.S. 535, 542 (1974); *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971); *Slochkower v. Bd. of Ed.*, 350 U.S. 551, 558–59 (1956); *Wieman v. Updegraff*, 344 U.S. 183, 189 (1952).

[4] To the extent Gorshow contends that State Defendants violated his right to refuse to offer false testimony (ECF No. 43 at 7–9), such argument is also unavailing, as he relies only on cases involving perjured testimony in criminal proceedings, which are inapposite on these facts.

[5] Claims Two and Five are state tort law claims for intentional interference with contractual relations and conspiracy to intentionally interfere with contractual relations.  (ECF No. 28 ¶¶ 79–88, 102–11.)

Although the Court will dismiss the sole federal claim against State Defendants, Gorshow's ADA claim against EQHS provides a basis for the exercise of supplemental jurisdiction over the action. *See* 28 U.S.C. § 1331. State Defendants provide no authority supporting dismissal of state law claims where jurisdiction over the action as a whole remains proper. The Court therefore declines to dismiss Claims Two and Five on that basis and proceeds to the question of whether Gorshow has stated a claim against State Defendants.

State Defendants assert that the Court lacks jurisdiction over Gorshow's state law claims because they are immune from suit pursuant to the Colorado Governmental Immunity Act ("CGIA"). (ECF No. 35 at 10–15.) Specifically, the CGIA precludes tort claims against a state or state employees unless the state has specifically waived immunity or the claim arises out of willful and wanton conduct by an individual state employee. Colo. Rev. Stat. § 24-10-106(1); *id.* § 24-10-118(2)(a). The parties agree that the State has not expressly waived immunity; Gorshow therefore must allege willful and wanton conduct by State Defendants. *Id.* § 24-10-118(2)(a).

To allege willful and wanton conduct under the CGIA, a plaintiff must allege that a defendant "purposefully pursued a course of action or inaction that he or she considered would probably result in harm to [the plaintiff]." *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1141 (D. Colo. 2001). Such conduct must exhibit a conscious disregard of danger. *See Martinez v. Estate of Bleck*, 379 P.3d 315, 323 (Colo. 2016).

Gorshow asserts that State Defendants complained about his work performance because he refused to testify falsely. (ECF No. 28 ¶¶ 115–16.) This contention is purely speculative, however, as Gorshow does not raise any facts suggesting that his

refusal to testify was the underlying reason for the complaints. Rather, he alleges only that State Defendants complained about his productivity and inability to use their interfaces. (ECF No. 28 ¶ 44.) Moreover, Gorshow does not allege that State Defendants personally directed him to make false statements, nor does he identify their connection with the HCPF officials who allegedly did.

As Gorshow's allegations against State Defendants are speculative, with no facts suggesting State Defendants possessed disingenuous or ulterior motives in complaining to EQHS, he has failed to plausibly allege that their conduct was willful and wanton. *See Martinez*, 379 P.3d at 323 (stating that whether a defendant should have known conduct posed a danger to the plaintiff is insufficient to abrogate CGIA immunity). State Defendants are therefore entitled to immunity pursuant to the CGIA. *See* Colo. Rev. Stat. § 24-10-118(2)(a). Accordingly, Claims Two and Five against State Defendants are dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. State Defendants' Motion (ECF No. 35) is GRANTED;

2. Claim Six is DISMISSED WITH PREJUDICE;

3. Claims Two and Five are DISMISSED WITHOUT PREJUDICE;

4. At such time as the Clerk enters final judgment on all claims in this action, the Clerk shall enter judgment in favor of Defendants Denney and Feyintola and against Plaintiff Gorshow on Claim Six in conformity with this Order; and

5. Should Gorshow believe himself in a position to plausibly plead facts which would cure the pleading deficiencies noted in this Order as to Claims Two and

Five, he may file a motion seeking leave to file an amended complaint reflecting the same not later than **October 14, 2021**.

Dated this 23rd day of September, 2021.

BY THE COURT:

William J. Martinez
United States District Judge

9